Lundberg Stratton, J.,
concurring.
{¶ 28} While I concur in the majority’s decision, I write separately to highlight the extent of the collateral consequences of a misdemeanor conviction in today’s world.
{¶ 29} Employment rights may be affected, including the ability to obtain and maintain licenses for dozens of activities from teaching (R.C. 3319.31 and 3319.39(B)(1)), to practicing law (Gov.Bar R. 1), to auctioneering (R.C. 4707.02), to transporting inmates (Ohio Adm.Code 5120:1-1-35(G)), to embalming (R.C. 4717.14), to cosmetology (Ohio Adm.Code 4713-1-07) to operating bingo games (R.C. 2915.09) and everything in between.
{¶ 30} In addition to affecting licensure and employment, misdemeanor convictions also affect civil, political, and legal rights. This category of collateral consequences includes effects on qualifications for approval as an adoptive parent (Ohio Adm.Code 5101:2-48-10) or foster caregiver (Ohio Adm.Code 5101:2-7-02) and loss of rights related to firearms (R.C. 2923.13).
{¶ 31} In addition to these direct consequences, there are also dozens of provisions of the Ohio Revised Code that use a prior misdemeanor conviction to enhance the severity of a later criminal charge or penalty. Examples of misdemeanors that can result in penalty enhancement include nonsupport (R.C. 2919.21(G)(1)), gambling (R.C. 2915.02(F) and 2915.03(B)), telecommunications harassment (R.C. 2917.21(C)(2)), and election falsification (R.C. 3599.11(B)(2) and (C)).
{¶ 32} In addition to collateral consequences under state law, a misdemeanor conviction can lead to many consequences under federal law, such as loss of financial aid for education (Section 1091(r), Title 20, U.S.Code), ineligibility for public housing (Sections 5.854, 5.855, and 960.203, Title 24, C.F.R.), and effects on *396 immigration status (Sections 1182(a)(2) and 1227(a)(2)(A)(iii), Title 8, U.S.Code) and government employment (Section 44936, Title 49, U.S.Code).
{¶ 33} In addition to the government realm, collateral consequences can also arise in the private realm. Because anyone may obtain the criminal history of another under Ohio Adm.Code 109:5-1-01, private employers, landlords, insurers, educational institutions, and others may obtain information on misdemeanor convictions and use it in their decision-making processes.
{¶ 34} Gone are the days when a misdemeanor conviction resulted in little or no real collateral consequences. Rather, the collateral consequences resulting from a misdemeanor conviction today are real and significant. Accordingly, I concur in the judgment of the majority in holding that the completion of a misdemeanor sentence will not make an appeal moot if the appellant sought a stay.
McGee Brown, J., concurs in the foregoing opinion.